**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CHELSEA TAMIKKA MAY                          CIVIL ACTION

VERSUS                                       NO. 26-342

BLUE SKY HOSPITALITY                         SECTION: "H"
SOLUTIONS LLC, ET AL.

## ORDER AND REASONS

Having reviewed Plaintiff's First Amended Complaint; the Motions to Dismiss (Docs. 9, 10, 15, and 16) filed by Defendants Blue Sky Hospitality Solutions, LLC ("Blue Sky"), Berkshire Hathaway Homestate Insurance Company ("Berkshire"), Erin Ellis, and Nathan Ganyo; the magistrate judge's Order and Report and Recommendation on the resolution of these motions (Doc. 26); and all objections and responses thereto, the Court **AFFIRMS** the magistrate judge's Order and approves the Report and Recommendation and adopts it as its opinion in this Matter.

## BACKGROUND

Plaintiff Chelsea May filed this action in the 24th Judicial District Court for the Parish of Jefferson. Plaintiff raises federal and state law claims arising out of her employment as the Director of Human Resources at the Marriott Metairie at Lakeway. Defendants removed this action based on the Court's

federal question jurisdiction. This case was automatically referred to Magistrate Judge Michael North pursuant to Local Rule 73.2.

On March 10, 2026, Defendants Ellis and Ganyo filed their first Motion to Dismiss (Doc. 9) for failures to properly effect service and to state a claim upon which relief can be granted. On March 11, 2026, Blue Sky filed its first Motion to Dismiss for Failure to State a Claim (Doc. 10), and Plaintiff filed her First Amended Complaint.[1] In response, Defendants filed a second set of Motions to Dismiss (Docs. 15 and 16).[2] Plaintiff thereafter moved for leave to file a second amended complaint.[3]

On April 13, 2026, the magistrate judge issued an Order and Report and Recommendation granting Plaintiff leave to file a Second Amended Complaint and recommending that this Court deny Defendants Blue Sky, Berkshire, Ellis, and Ganyo's Motions to Dismiss (Docs. 9, 10, 15, and 16) as moot.[4] Blue Sky timely filed objections to the Order and Report and Recommendation.[5] Plaintiff filed her Second Amended Complaint on April 25, 2026. The magistrate judge suspended the deadline for Defendants to file responsive pleadings to Plaintiff's Second Amended Complaint pending this Court's ruling on Blue Sky's objections.

---

[1] Plaintiff did not require leave to file her First Amended Complaint, as she was permitted to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

[2] Defendants Ellis and Ganyo again alleged defects in service, and Berkshire joined them in asserting that Plaintiff failed to state a claim entitling her to relief. Doc. 15. Blue Sky's second Motion to Dismiss also argued that Plaintiff failed to state a claim against it.

[3] Doc. 19.

[4] The magistrate judge also ordered that Plaintiff "follow all Federal Rules of Civil Procedure and Local Rules for the service of the Second Amended Complaint on all Defendants." Doc. 26 at 2.

[5] Doc. 27.

2

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 72(a) provides that when a party objects to a magistrate judge's order on nondispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." As such, the Court considers Blue Sky's objections to the magistrate judge's Order granting Plaintiff further leave to amend.[6]

Blue Sky objects that any amendment would be futile because Plaintiff's first Amended Complaint failed to remedy the deficiencies Defendants raised in its first set of Motions to Dismiss. In the alternative, Blue Sky argues that Plaintiff should be granted leave to amend for the limited purpose of re-naming Berkshire, Ellis, and Ganyo as defendants and restating certain claims included in her original Complaint. Plaintiff responds to Blue Sky's objections, arguing that her First Amended Complaint was filed before Blue Sky filed its first Motion to Dismiss, meaning that she did not have an opportunity to remedy the deficiencies raised in that Motion. Plaintiff further argues that the interests of justice support the magistrate judge's Order.

Rule 15(a)(2) requires that leave to amend be freely given "when justice so requires."[7] "A decision to grant leave to amend is within the discretion of the trial court."[8] "However a 'district court must possess a "substantial reason" to deny a request for leave to amend.'"[9] When denying a motion to amend, the

---

[6] Blue Sky does not appear to object to denial of its Motions to Dismiss as moot should Plaintiff be granted leave to amend.

[7] FED. R. CIV. P. 15(a)(2).

[8] Hosp. Housekeeping Sys., LLC v. Calvey, No. 23-1309, 2024 WL 263512, at *2 (E.D. La. Jan. 24, 2024) (citing United States *ex rel.* Lin v. Mayfield, 773 F. App'x 789, 790 (5th Cir. 2024)).

[9] *Id.* (citing *Mayfield*, 773 F. App'x at 790 (quoting Smith v. EMC Corp., 393 F. 3d. 590, 595 (5th Cir. 2004)).

court must have a "substantial reason" considering such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment."[10] An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion.[11]

While Plaintiff has already amended her complaint, this Court agrees that Plaintiff has not had an adequate opportunity to address the deficiencies alleged in Blue Sky's Motions to Dismiss and that amendment would promote efficient resolution of this action. Although Plaintiff's First Amended Complaint was entered on the record after Blue Sky's first Motion to Dismiss, Plaintiff submitted her First Amended Complaint for filing three hours before Blue Sky filed its Motion to Dismiss.[12] Therefore, the record does not support Blue Sky's contention that Plaintiff had an opportunity to remedy the deficiencies alleged in its Motion to Dismiss before she filed her First Amended Complaint.

However, even if Plaintiff had been given an opportunity to address the deficiencies in Defendants' Motions to Dismiss, granting Plaintiff leave to further amend promotes the resolution of this matter on the merits.[13] Blue Sky's second Motion to Dismiss argues that Plaintiff fails to assert essential

---

[10] Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014) (citation modified).

[11] *Id.*

[12] Plaintiff submitted her First Amended Complaint for filing through the Court's Electronic Document Submission System ("EDSS") at 8:09 a.m. Doc. 13-1. Blue Sky's first Motion to Dismiss (Doc. 10) was electronically filed at 11:18 a.m. Because Blue Sky did not attach a certificate of service to its first Motion to Dismiss, the Court assumes that Plaintiff was not served with a copy of the Motion until it was electronically filed.

[13] A "district court should construe the procedural rules with a preference toward resolving the case on the merits and avoiding any dismissal based on a technicality." Austin v. Kroger Texas, L.P., 864 F.3d 326, 337 (5th Cir. 2017) (citing FED. R. CIV. P. 1).

elements of her claims, does not allege sufficient facts to support her claims, and does not plead her claims with reasonable specificity.[14] Assuming Plaintiff's First Amended Complaint contains these technical deficiencies, each may be easily remedied through amendment. Justice thus requires that Plaintiff, who is proceeding *pro se*, be afforded an opportunity to amend.

Turning to Blue Sky's alternative argument regarding the scope of amendment, Blue Sky contends that Plaintiff should only be permitted to amend for the limited purpose of renaming Berkshire, Ellis, and Ganyo as defendants and restating certain claims included in her original Complaint. Citing no authority, Blue Sky bases this assertion on the fact that Plaintiff's Motion for Leave to File Second Amended Complaint requested leave to amend for those limited purposes. The Court reiterates that it "should freely give leave [to amend] when justice so requires."[15] Further, the magistrate judge's Order promotes judicial economy and the efficient use of the parties' resources by granting Plaintiff the opportunity to address the alleged pleading deficiencies in one amendment.[16] Accordingly, the magistrate judge's Order granting Plaintiff leave to file a Second Amended Complaint was not clearly erroneous or contrary to the law.

As the magistrate judge did not err by granting Plaintiff leave to file a Second Amended Complaint, and there being no objection to the magistrate judge's recommendation, the Court adopts the magistrate judge's recommendation that Defendants' Motions to Dismiss (Docs. 9, 10, 15, and 16) be denied as moot.

---

[14] *See* Doc 16-1 at 8, 10, 13, 15, 17, 20, and 22.

[15] FED. R. CIV. P. 15(a)(2).

[16] "[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

5

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the magistrate judge's Order granting Plaintiff leave to file a Second Amended Complaint is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Court approves the magistrate judge's Report and Recommendation (Doc. 26) and adopts it as its opinion in this Matter. Defendants' Motions to Dismiss (Docs. 9, 10, 15, and 16) are **DENIED AS MOOT.**

New Orleans, Louisiana this 16th day of June, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**