**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHELSEA TAMIKKA MAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-342** |
| **BLUE SKY HOSPITALITY SOLUTIONS, L.L.C., ET AL.** | **SECTION: "H"(5)** |

**PARTIAL REPORT AND RECOMMENDATION**

Defendant Blue Sky Hospitality Solutions, L.L.C. ("Blue Sky") removed this lawsuit to this Court on February 13, 2026. (Rec. doc. 1). On December 9, 2025, Plaintiff Chelsea Tamikka May filed a Petition for Damages and Jury Demand in the 24th Judicial District Court for the Parish of Jefferson naming as Defendants Blue Sky, Marriott Metairie at Lakeway,[1] Scott Campbell ("Campbell"), Rabia Mehboob ("Mehboob"), Naveen Shah ("Shah"), Berkshire Hathaway Homestate Insurance Company ("Berkshire"), Erin Ellis (Ellis"), and Nathan Ganyo ("Ganyo") for allegedly violating a number of state and federal statutes.

Since the removal, Plaintiff has filed two Amended Complaints, which this Court allowed. (Rec. docs. 13, 19, 26, 29). After she filed her First Amended Complaint, May requested service of summons on numerous Defendants, but she **DID NOT** request service of summons on Campbell or Mehboob. (Rec. doc. 31). All of the served Defendants waived service. (Rec. docs. 33, 34, 40, 41). After the District Judge adopted this Court's Report and Recommendation that Plaintiff be allowed leave to file a Second Amended Complaint, May requested service of summons on no Defendant.

[1] Marriott Metairie at Lakeway was improperly named as the d/b/a for Blue Sky.

To this day, there has been no service and no request for service on Campbell or Mehboob, and neither Defendant has appeared in this lawsuit. As this case cannot properly and efficiently procced without service on all Defendants, this Court issued an Order on June 23, 2026, ordering May or Defendants even to show cause by July 21, 2026 why service had not been effected on these two Defendants. (Rec. doc. 47). This Court warned that "[i]f either Plaintiff or Defendants fail to comply with this Order, the undersigned [would] issue a report recommending that this lawsuit be dismissed without prejudice as to these two Defendants and/or recommend remand for failure to comply with 28 U.S.C. § 1446." (*Id.*).[2] No party responded to this Court's Order by the deadline.

The Federal Rules provide:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"At a minimum, a plaintiff should request service upon the appropriate defendant and *attempt to remedy any apparent service defects of which a plaintiff has knowledge*." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff. *Id.*

[2] The state-court pleadings reveal that these two Defendants appeared in the state-court lawsuit (rec. doc. 1-10), but there is no indication that they consented to removal, and they have no representation and have thus not appeared nor been served in this federal lawsuit.

More than 90 days have elapsed since this lawsuit was removed on February 13, 2026. Despite the passage of that extensive period of time, Plaintiff has not provided this Court with evidence that either Campbell or Mehboob has been served. Indeed, **Plaintiff never even requested service on these two Defendants in this federal lawsuit**. The Court gave Plaintiff notice of the fact that Defendants had not been served, as well as an opportunity to cure that defect. Nevertheless, Plaintiff has not cured the defect by providing evidence of service, and, as a result, no service has been effected. Therefore, the failure to serve Defendants results not from the actions or inactions of the Court, but rather solely from the inaction and dilatoriness of Plaintiff.

Despite being given express notice that her claims against Campbell and Mehboob could be dismissed unless she provided evidence of service or showed good cause for failing to do so, Plaintiff failed to respond to this Court's Order. Without service on Campbell or Mehboob, issue cannot be joined, and this case cannot proceed against the properly-served Defendants. Accordingly, following *Rochon*, this Court finds that dismissal of the claims against Campbell and Mehboob without prejudice is now appropriate. *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009); *Pines v. St. Tammany Par. Prison*, Civ. Action No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009). Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims against Scott Campbell and Rabia Mehboob be **DISMISSED WITHOUT PREJUDICE** for failure to effect service on Defendants and failure to prosecute under Federal Rule of Civil Procedure 4(m).

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this 5th day of August, 2026.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.